## KELLY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

1. MUNICIPAL CORPORATIONS—CONTRACT TO PAVE STREET—INTERPRETATION.

A contract for paving the carriageway of a street required the contractor to do the work with reference to certain maps and specifications, and to the satisfaction of the commissioner of public works, and provided that, if any street-railroad company should desire to contract with him to pave "within and about" its tracks, he would do the work at a rate not exceeding that charged in the contract with the city. On the maps referred to in the contract the street was colored pink from the curb on each side to a line two feet from the outer rail of the street-car track, and the space between those lines was white. There was no explanation of the coloring of the maps. The contractor paved the street from the curb on each side of the outer rail, and the commissioner of public works certified that the work was done in accordance with the contract and was satisfactory. *Held*, that the two-foot space on each side of the street railroad was included in the paving contract, and the contractor was entitled to recover therefor.

2. RELEASE—EXECUTION BY ILLITERATE PERSON.

A release obtained from an illiterate person by requiring him to sign before a payment would be made under his contract with the releasee, without reading it to him, and after assuring him that it would not prejudice his rights, is void.

Appeal from trial term, New York county.

Action by William Kelly against the mayor, aldermen, and commonalty of the city of New York, to recover a balance of the contract price for paving a street. From a judgment dismissing the complaint, entered on the direction of a verdict in favor of defendant for the sum of $812.74, costs taxed by the clerk, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, INGRAHAM, and PARKER, JJ.

L. Laflin Kellogg, for appellant.
Chase Mellen, for respondent.

INGRAHAM, J. In pursuance of certain proposals and specifications issued by the defendant, the plaintiff made a bid to pave Third avenue, from 96th street to 129th street, in the city of New York. Such bid was accepted, and in pursuance thereof a contract was made, and the plaintiff seeks to recover in this action what is alleged to be the balance due under that contract. By the proposals the work was to be done as set forth in the specifications and form of agreement, "in substantial accordance with said specifications." The work to be done by the plaintiff was that he "shall and will furnish and provide, at his or their own proper costs and expense, all the necessary materials and the labor, and in a good, firm, and substantial manner, and strictly in accordance with the following specifications regulate and pave with granite block pavement, with concrete foundation, the carriageway of Third avenue, from 96th street to 129th street, as specifically shown on the plans hereinafter referred to." This contract also contains a provision that it "is made with reference to the plans for the same now on file in the office of the water purveyor, which said plans are to be taken as part and parcel of these presents, and are

intended to co-operate." The specifications were for "regulating and paving with granite block pavement, with concrete foundation, the carriageway of Third avenue, from 96th street to 129th street." The ninth clause of the specifications provides for the taking up of the old pavement, and laying of the concrete foundation.    By that clause, providing for the preparation of the foundation, it is provided that "upon that foundation shall be laid a bed of concrete to the depth of six inches, except in the space between the rails known as the 'horseways,' where no concrete shall be laid"; and that upon the concrete thus laid there shall be a bed of clean, sharp sand, perfectly free from moisture, not less than $1\frac{1}{2}$ inches thick, to the depth necessary to bring the pavement and crosswalk to the proper grade when thoroughly rammed.    By the tenth clause of the contract, the laying of the pavement is provided for, and it is there provided that upon this bed of sand the stone blocks and crosswalks must be laid; and it is also provided that the courses of the blocks adjoining the pavement laid or to be laid must match and tooth into such pavement as shall be directed by the commissioner of public works.   These seem to be the only provisions in the contract or specifications which relate exclusively to the portion of the roadway that is to be paved under the contract.    By the maps with reference to which the contract was made, there is shown a carriageway running from 96th street to 129th street.   Upon it the cross streets are shown.   This map is colored blue where certain walks cross the avenue or streets, pink from the curb line upon each side to a point two feet from the outer rail of the street-railroad track, and white between the tracks and a space of two feet upon each side thereof.   There is no memorandum at all upon these plans as to what this coloring means.    There is upon the plan the words "horseways not to be concreted," but there is no indication on the plan as to what is meant by the word "horseways." The contract then provides that "he [the plaintiff] covenants and agrees that he will complete the entire work to the satisfaction of the commissioner of public works, and in substantial accordance with said specifications, and that he will not ask, demand, sue for, or recover for the entire work any extra compensation beyond the amount payable for the several classes of work in this contract enumerated, which shall be actually performed, at the prices therefor herein agreed upon and fixed.   And he further agrees that, in case a railroad company operating its lines on the street or streets mentioned in this contract should desire to make a contract with him for the paving of the space within and about its tracks, he will contract with them to do the work at a rate not greater than that charged for in this contract."   It does not appear that any railroad company desired to make a contract with the plaintiff.   It does appear that the Third Avenue Railroad Company, operating a street railroad on Third avenue, refused to make any contract with him.   Acting under his contract, the plaintiff concreted and paved under the direction of the commissioner of public works the space on both sides of the tracks, from each track to the curbstone, not paving the space between the two tracks.   When the work was ended, the commissioner of public works certified as follows:   "I certify that the work mentioned in the

contract herein specified has been completed according to the terms
of said contract, and is satisfactory." Subsequently the plaintiff was
paid by the city the amount due under the contract for paving the
avenue, excepting therefrom two feet on each side of the outer rail of
the railroad running on the avenue. It is conceded that these two
feet were paved under the direction of the commissioner of public
works; that the work was actually done by the plaintiff; and that
for the work the plaintiff has received no compensation.

There is a question about a certificate of the water purveyor under
the contract. Such a certificate was given, but the four feet of pav-
ing for which the plaintiff had not been paid were omitted from that
certificate. As the counsel for the defendant does not claim to sus-
tain the judgment upon the ground that this certificate was binding
upon the parties, and that the plaintiff could not recover for anything
except what was included within the certificate, it is not necessary to
discuss its effect. There is, however, no provision that a certificate of
the water purveyor or other officer shall be a condition precedent to
the right of the plaintiff to be paid for the work done under the con-
tract. There seem to be two defenses relied upon by the learned
counsel for the corporation. One is that these two feet of roadway
upon each side of the track of the street railway was not included
within the contract, because it was not colored pink upon the map.
It seems hardly necessary to seriously discuss this question in view of
the terms of the contract itself, the absence of any indication upon
the map that the contract was confined to the portion of Third ave-
nue colored upon the map, and the provision whereby the plaintiff
was bound to do the work as directed by the commissioner of public
works. The contract was for paving the carriageway. There may
be some question whether that would include the portion of the ave-
nue between the railroad tracks, but it certainly would include the
roadway up to and upon each side of the tracks. There is no more
ground for excluding two feet on each side of the walk than there is
for excluding ten or twenty or any other number of feet; and when
this plaintiff was directed by the commissioner of public works to
pave this carriageway up to the track, as work to be done under this
contract, he was only doing what his contract obliged him to do, and
for which he was plainly entitled to be paid. Considering the terms
of this contract, the control over the work to be done reserved to the
commissioner of public works, the agent of the city, and the doing of
the work in good faith by the contractor under the direction of the
commissioner of public works, to sustain this direction below would
be a great injustice to this contractor, who has done his work under
the contract which has been certified by the city, and who is entitled
to be paid for it. The provision as to a street railroad, which should
desire to make a contract with the plaintiff for the paving of the
space within and about its tracks, that he would contract with them
to do that work, would not, in the absence of any such desire on be-
half of a street railroad to make a contract with this plaintiff, relieve
the city from paying for the work which it ordered him to do, and
which he did under that contract, and which the city has accepted
as a completion of the contract. It seems to me clear that, under this

contract, the plaintiff was bound to pave the carriageway up to the railroad tracks; that it was within the express terms of the contract, as stating the work which was to be done by the plaintiff; and that he was clearly entitled to be paid for such work.

The second defense relied on by the defendant is the execution by the plaintiff of a general release upon his receiving the last payment from the city. It is sufficient for us to say that, upon the facts sworn to in the case, a question of fact was presented as to whether or not that release was obtained by the defendant by false or misleading statements made by the agent of the city who procured the plaintiff to sign it. The plaintiff, an illiterate man, unable to read or write, was asked to sign a paper by one of the city officers, before a payment to which he was entitled was made to him. He asked whether or not that paper would interfere with his claim against the city for the balance, and was assured that it would not; and upon that assurance he signed the paper, it having not been read to him, and he having no knowledge of its contents. It is quite clear that any release obtained under such circumstances would be void as a surrender of a claim which the party executing it was assured by the officer who procured him to sign the paper would not be released.

We think, therefore, the dismissal was error, and that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.